Report dismissed.

Robert H. Wyshak, for the Plaintiff.

Henry V. Atherton, for the Defendant.

*Municipal Court of the City of Boston*
No. 340936
**BENJAMIN RABINOVITZ**
v.
**ROSENFIELD ADVERTISING CO., INC.**
(December 31, 1952)

*Keniston, C.J.* This is an action of contract in which the plaintiff seeks to recover a balance allegedly due for *goods sold and delivered*. The answer is a general denial and allegation of payment, lack of consideration and partial failure of consideration. Although it does not appear by the report, there was a cross action in which the defendant in this case was plaintiff against the plaintiff in this case as defendant in the cross action. These cross actions were tried together and a report brought by the plaintiff in the cross action as well as defendant in this action. Only a part of the evidence is reported in each of these two reports. The reports are brought separately and we treat them as separate reports on the evidence and rulings of the requests set forth in each report.

In the instant case the report states that the

evidence introduced by the defendant indicated "(1) A charge of $155.75 for a re-run of 2000 Ad Mat sheets which the defendant refused to pay on the ground that the original run of those sheets were unsatisfactory to the defendant and the defendant's customer and for which the defendant had originally been charged the sum of $200.00. The plaintiff's witnesses admitted that the original run was on different type of paper than the re-run, and admitted receiving payment for the original run although, following the instructions of the defendant, only a small portion of the sheets of the original run were delivered to the defendant.

(2) A claim to be due to the defendant of a charge back by the plaintiff to the defendant of $65.58 during the months of April and May 1951, which the defendant had deducted from various invoices and had been accustomed to doing since commencement of business between the defendant and the plaintiff in December of 1949. A witness for the defendant testified that in or about July of 1950, the plaintiff personally informed the witness that it was satisfactory for the defendant to conduct business with the plaintiff on a basis of discounts which were then being deducted by the defendant. A witness for the plaintiff testified that the discounts were not allowed and that he called the defendant's attention to the fact that it was taking discounts without permission. On ten checks dated in 1950 made by the defendant to Bentill Press and endorsed by them, discounts had been deducted. The invoices for the items due submitted by the plaintiff to the defendant carried the words 1% 10 days, net 30 days. When originally billed there was no talk as to discounts to be taken, but the defendant took the discount of 2% regardless of day of payment which ranged from 60 to 90 days."

The court having found for the plaintiff the defendant claims to be aggrieved by the denial of

the following requests:

1. The evidence is insufficient, as a matter of law, to warrant a finding for the plaintiff on the declaration.

2. There is insufficient evidence, as a matter of law, to warrant a finding that there is anything due from the defendant to the plaintiff.

3. On all the evidence the plaintiff has failed to establish sufficient facts to warrant a finding that there is any money due from the defendant to the plaintiff.

5. The plaintiff has failed to introduce a preponderance of evidence to warrant a finding that there is any money due from the defendant to the plaintiff.

It seems incredible that in the trial of this case and the cross action that affirmative evidence was not introduced to support the court's finding for the plaintiff. The report, however, is devoid of such evidence. The only evidence reported is evidence favorable to the defendant disputing the plaintiff's account and claiming certain discounts.

The report states that it contains "all the evidence material to the question reported." We are bound by the evidence as set forth in the report and cannot go outside the report to supply missing evidence. On the evidence as reported it was error to deny the defendant's requests that "the evidence is insufficient, as a matter of law, to warrant a finding for the plaintiff on the declaration," or that "there is insufficient evidence, as a matter of law, to warrant a finding that there is anything due from the defendant to the plaintiff."

New trial ordered.

I agree with the decision of the majority, but for the reason that I hold on the basis of all the evidence in the case as reported it would not support the amount as found by the trial judge.

Gillen, J.

Joseph S. Finstein, for the Plaintiffs.
Wm. Aronoff, for the Defendants.